UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| ELOY ALONZO, | ) | |
|---|---|---|
| Petitioner, | ) ) ) | |
| v. | ) ) | No.: 3:21-CV-155-TAV-JEM<br>3:16-CR-134-TAV-JEM |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court for consideration of the Report and Recommendation ("R&R") entered by United States Magistrate Judge Jill E. McCook on July 7, 2022 [Doc. 23].[1] The R&R addresses petitioner's Pro Se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion") [Doc. 1]. The government responded [Doc. 9], and petitioner replied [Doc. 10]. The Court denied petitioner's § 2255 Motion with respect to petitioner's Fourth Amendment arguments and arguments regarding appellate counsel's ineffectiveness [Doc. 12]. However, the Court referred the issues of whether counsel misinformed petitioner as to his maximum sentencing exposure, and if so, whether such justifies granting petitioner's request for § 2255 relief [*Id.*]. The Court also requested that a recommendation regarding a certificate of appealability be included [*Id.*].

Judge McCook held an evidentiary hearing on April 5, 2022 [Doc. 16]. Judge McCook then issued the R&R [Doc. 23], recommending that the Court deny

---

[1] Unless otherwise indicated, all citations to the record are found on the docket of Case No. 3:21-CV-155-TAV-JEM.

petitioner's § 2255 Motion and that no certificate of appealability be issued. Petitioner has filed objections to the R&R [Doc. 24], the government has responded [Doc. 25], and the matter is now ripe for the Court's review. *See* E.D. Tenn. L.R. 7.1(a). For the reasons that follow, the Court **ACCEPTS** and **ADOPTS** the R&R in whole with the exception of section IV.A.1, addressing whether counsel's performance was defective [Doc. 23], and petitioner's objections are **OVERRULED** [Doc. 24]. Petitioner's § 2255 Motion is **DENIED** [Doc. 1], this civil action will be **DISMISSED**, and a certificate of appealability **SHALL NOT ISSUE**.

**I.     Background**

The Court finds that the "Background" and "Summary of the Testimony" sections contained in the R&R adequately detail the relevant factual background and testimony in this case. Moreover, neither party has raised an objection to the factual basis or summary of the testimony in the R&R. *See Smith v. Detroit Fed'n of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987) (stating that "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review"). Consequently, the Court hereby adopts and incorporates the "Background" and "Summary of the Testimony" sections in the R&R [Doc. 23, pp. 1–10].

In the R&R, Judge McCook recommends that the Court deny petitioner's § 2255 Motion and that no certificate of appealability be issued [*Id.* at 19]. Judge McCook found that petitioner did not meet his burden in showing that his counsel's performance was deficient [*Id.* at 13]. She noted that the record does not show a complete failure by counsel

to review the Sentencing Guidelines with petitioner [*Id.*]. Even though petitioner asserted that he did not know about the Guidelines, Judge McCook credited Attorney Varner's testimony that he discussed the guidelines with petitioner [*Id.*]. She considered Attorney Varner's 40 years of experience practicing criminal defense law, his average number of federal criminal cases per year, his membership on the CJA Panel at the time of its inception, and his familiarity with the Federal Sentencing Guidelines [*Id.* at 13–14]. She also considered Attorney Varner's testimony about his normal practice with his clients, which includes performing an initial analysis of the government's proof, examining it in relation to the guidelines, and then explaining to his clients what they will or potentially will be facing in that regard unless there are additional adjustments that could be made either up or down [*Id.* at 14]. She stated that Attorney Varner's description of his practice habits as always discussing the Guidelines with his clients and his experience with criminal defense bolsters his testimony [*Id.*].

Judge McCook further credited Attorney Varner's testimony that he did not advise petitioner that the highest sentence he could receive would be 21 years because it was not his practice to make such statements given the nature of sentencing [*Id.*]. In addition, she credited that Attorney Varner would not have advised petitioner to go to trial if there were only three years' difference between pleading guilty and going to trial [*Id.*].

Judge McCook also found that Attorney Varner had several discussions about the possible ranges of punishment with petitioner [*Id.*]. She first noted that Attorney Varner was unable to recall if he had discussed with petitioner a sentencing enhancement based on

3

maintaining a drug house, which Attorney Varner testified was not commonly assessed prior to his case with petitioner [*Id.*]. However, Judge McCook found that Attorney Varner still told petitioner that he would likely not get a three-level acceptance reduction and that he would likely be facing a sentencing range of 210 to 262 plus 60 months under the Guidelines if he proceeded to trial [*Id.*]. In addition, Attorney Varner mentioned the possibility of a plea agreement and what the Guidelines range could be with or without acceptance of responsibility [*Id.*].

Judge McCook explained that Attorney Varner's estimate was based on various factors, including his experience in criminal defense and with particular sentencing judges, the sentencing judge's discretion in applying the Guideline range, the quantity and quality of drugs at issue in petitioner's case and the firearms charge, the likelihood that petitioner would be placed in Criminal History Category II, and the rent on the courtroom [*Id.* at 14–15]. Judge McCook further noted that Attorney Varner clarified to petitioner that certain facts and issues may arise throughout the proceedings that could impact the estimate [*Id.* at 15]. In addition, Attorney Varner testified multiple times that he had repeatedly stressed to petitioner that his estimate was by no means perfect or a guarantee of the maximum sentencing exposure [*Id.*]. Ultimately, Judge McCook concluded that Attorney Varner reviewed the Guidelines with petitioner and provided a good faith estimate of a likely sentence, specifically providing insight into how the guidelines could be affected by the factual and legal circumstances surrounding petitioner's case [*Id.*].

Judge McCook did not find that language barriers limited petitioner's ability to understand anything that was conveyed to him concerning the Guidelines [*Id.*]. Judge McCook noted that although Attorney Varner did testify to petitioner's limited capabilities to speak English, he also testified that he always had an interpreter with him when he visited petitioner in jail [*Id.*]. In addition, Attorney Varner testified that he had the interpreter read all documents to petitioner [*Id.*]. Judge McCook also credited the government's argument that petitioner had been living in the United States for roughly 15 years, and it did not seem petitioner's English was as bad as he claims [*Id.*]. She found that Attorney Varner's testimony that he utilized an interpreter for all his communications with petitioner alleviated the majority of the language barrier concerns [*Id.*].

Taking all these facts into consideration, Judge McCook ultimately concluded that although Attorney Varner may have not advised petitioner of an enhancement for maintaining a drug house, he did discuss the Guidelines with petitioner [*Id.*]. In addition, he estimated petitioner's maximum sentencing exposure if he was to be convicted at trial would add up to 322 months, which is the exact sentence petitioner received [*Id.* at 15–16]. Therefore, Judge McCook concluded that Attorney Varner's performance was not deficient because he did not give materially inaccurate information or advice to petitioner during plea negotiations nor failed to make a good faith estimate of a likely sentence [*Id.* at 16].

Judge McCook continued her analysis by assuming that even if Attorney Varner's performance was deficient, any deficiency did not prejudice petitioner [*Id.*]. Judge McCook found that petitioner was not entitled to a presumption of prejudice because

5

Attorney Varner did not fail to provide an estimated range of the penalties that could result from a trial conviction, and the high-end of the estimate he provided was the sentence imposed on petitioner at sentencing following a trial conviction [*Id.* at 17]. Moreover, Judge McCook stated that it was not clear that the government ever made a formal plea offer in this case, and any offer made did not guarantee any particular sentence [*Id.*].

Judge McCook further stated that even if the presumption did apply, evidence has been presented to rebut it [*Id.*]. She noted that there is no evidence that petitioner would have accepted a plea offer of 18 years [*Id.*]. Instead, petitioner's affidavit only states that he went to trial because he thought the most he could get was 21 years' imprisonment [*Id.*]. Moreover, Judge McCook found that there was evidence that petitioner never appeared to be interested in pursuing plea negotiations [*Id.*]. She credited Attorney Varner's testimony that he could not recall making a statement that petitioner could only get 21 years, but he did not believe that he did [*Id.*]. Attorney Varner also testified it would not be typical for him to ever make such a statement to one of his clients due to how many variables exist in the application of the Sentencing Guidelines [*Id.*]. He further testified that he did not get the impression that petitioner had ever been interested in a plea agreement during his many discussions with him [*Id.* at 17–18].

Furthermore, Judge McCook noted that petitioner did not change his mind even after Attorney Varner informed him that he would likely get a reduction if he accepted responsibility and pleaded guilty and after Attorney Varner articulated the strength of the government's case [*Id.* at 18]. Attorney Varner told petitioner that he would likely have,

6

at best, a 50-50 chance at trial but that it was more likely that he had a 75% chance of being convicted, if not more [*Id.*]. Judge McCook noted that despite knowing all this information, petitioner chose to go to trial [*Id.*].

As to the certificate of appealability, Judge McCook recommended that no certificate of appealability be issued to petitioner [*Id.*]. She found that reasonable jurists would not find that dismissal of petitioner's claim for ineffective assistance of counsel is debatable or wrong [*Id.*]. Specifically, she noted that petitioner had not made a substantial showing of the denial of a constitutional right [*Id.*].

## II. Standard of Review

The Court reviews *de novo* those portions of the R&R to which the petitioner has objected. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Accordingly, the Court considers the R&R, the § 2255 Motion, the parties' underlying and supporting briefs, the petitioner's objections, and the government's response to those objections, all in light of the applicable law.

## III. Analysis

Petitioner raises three objections to the magistrate judge's R&R. Specifically, he objects to the magistrate judge's findings that: (1) petitioner did not meet his burden to show that counsel's performance was deficient; (2) any deficiency by counsel did not prejudice petitioner; and (3) petitioner has not made a substantial showing of the denial of a constitutional right and therefore, no certificate of appealability should issue [Doc. 24].

7

### A. Prejudice to Petitioner

Petitioner objects to the magistrate judge's finding that any deficiency by counsel did not prejudice petitioner [Doc. 24, p. 8]. Specifically, petitioner argues that he was not properly counseled on the effect of a plea versus proceeding to trial [*Id.* at 9]. Instead, he asserts that he was given a general hypothetical range of penalties with no true option to consider anything else [*Id.*]. Petitioner further argues that the difference between a plea of 248 months and the 322-month sentence that was imposed is significant and prejudicial [*Id.*].

The government responds that it stands on the briefs previously filed in this matter, and petitioner's assertions are unsupported by fact or law [Doc. 25, p. 1]. It states that Judge McCook's R&R addresses and answers every point raised by petitioner [*Id.*].

The Court must vacate, set aside, or correct a prisoner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . ." 28 U.S.C. § 2255(b). To obtain relief under § 2255 because of a constitutional error, the error must be one of "constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)). A § 2255 petitioner has the burden of proving that he is entitled to relief by a preponderance of the evidence, *Pough v. United States*, 442 F.3d 959, 964 (6th Cir.

2006), and "must clear a significantly higher hurdle than would exist on direct appeal," *United States v. Frady*, 456 U.S. 152, 166 (1982).

Claims of ineffective assistance of counsel are cognizable under § 2255. *Massaro v. United States*, 538 U.S. 500, 508–09 (2003). A petitioner alleging ineffective assistance of counsel must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *Strickland*'s two-part test is "applicable to ineffective-assistance claims arising out of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). Under the first prong, a petitioner must identify specific acts or omissions to prove that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," as measured by "prevailing professional norms." *Id.* at 687–88, 690. Under the second prong, a petitioner must establish "a reasonable probability that, but for counsel's [acts or omissions], the result of the proceeding would have been different." *Id.* at 694. Because a petitioner must satisfy *both* prongs of *Strickland* to obtain relief on an ineffectiveness claim, "the inability to prove either one of the prongs—regardless of which one—relieves the reviewing court of any duty to consider the other." *Nichols v. United States*, 563 F.3d 240, 249 (6th Cir. 2009) (en banc); *accord Strickland*, 466 U.S. at 687.

Before a petitioner can show prejudice, he must demonstrate that "the [g]overnment offered him a plea, was considering offering him a plea, or that he would have accepted a plea had one been offered." *Goldsby v. United States*, 152 F. App'x 431, 437 (6th Cir. 2005). Once a petitioner shows that "a deal was on the table," *id.*, a petitioner "need only show a reasonable probability that he would have pleaded differently," *Griffin v. United*

9

*States*, 330 F.3d 733, 737 (6th Cir. 2003). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Moreover, "if counsel failed to provide the [petitioner] with an estimated range of the penalties that could result from a trial conviction," a presumption of prejudice arises "if the difference between the length of the sentence proposed in the [g]overnment's plea offer and the sentence imposed after a trial conviction was substantial." *Sawaf v. United States*, 570 F. App'x 544, 547 (6th Cir. 2014). "When this presumption applies, the [petitioner] is not required to submit additional objective evidence to 'support his own assertion that he would have accepted the offer' if provided with the benefit of effective assistance." *Id.* (quoting *Griffin*, 330 F.3d at 737). However, even if a petitioner successfully raises the presumption of prejudice, the presumption may be rebutted by other evidence presented to the court. *See Johnson v. Genovese*, 924 F.3d 929, 940 (6th Cir. 2019) (allowing the presumption to be rebutted by the court's factual findings).

Here, petitioner has not demonstrated that the government offered him a plea agreement or was considering offering him one. As stated in the R&R, it is unclear whether a formal plea offer was made in this case based on the government's statement that it "drafted a possible plea agreement for [petitioner]'s consideration, but . . . plea negotiations failed because [petitioner] elected to go to trial instead" [Doc. 9, p. 13; Doc. 23, p. 17]. Petitioner makes no attempt to demonstrate that a plea agreement was in fact offered. Moreover, petitioner has not shown that even if a plea agreement was offered, he would have accepted it. Merely stating that petitioner was not properly counseled on the effect of

10

a plea and that he was given a general hypothetical range of penalties without an option to consider anything else is not enough to show that a plea agreement would have been accepted.

Even assuming that the government did offer or at least consider offering a plea agreement to petitioner, petitioner is still unable to show prejudice. Petitioner is not entitled to a presumption of prejudice because Attorney Varner did not fail to give petitioner an estimated range of the penalties that could result from a trial conviction. Attorney Varner testified that he believed he told petitioner that if he went to trial, he would not get the three-level acceptance reduction and would likely be facing 210 to 262 months, plus 60 months [Doc. 17, p. 19]. In fact, the high end of the range provided plus 60 months equals the exact sentence petitioner received after trial, which was 322 months. Therefore, petitioner is not entitled to a presumption of prejudice.

Even if petitioner was entitled to a presumption of prejudice, the presumption is rebutted by other evidence demonstrating that there is not a reasonable probability that petitioner would have pleaded differently. Again, merely stating that petitioner was not properly counseled on the effect of a plea and that he was given a general hypothetical range of penalties without an option to consider anything else is not enough to show that petitioner would have accepted a plea agreement. Moreover, petitioner's statement in his affidavit that he went to trial because his lawyer told him he could only get 21 years' imprisonment is not enough [Doc. 3, p. 1]. *See Napper v. United States*, No. 1:16-cv-01023, 2021 WL 4811631, at *10 (W.D. Tenn. Oct. 14, 2021) (finding that

11

the presumption was rebutted where the "[p]etitioner did not expressly testify that he would have accepted the plea offer had counsel" properly advised him).

In addition, there is evidence that petitioner would not have taken a plea agreement if offered. Attorney Varner testified that he did not get the impression that petitioner was interested in taking a plea deal [Doc. 17, p. 16]. Attorney Varner stated that he talked with petitioner about potential pleas every time he talked with petitioner before going to trial [*Id.* at 17]. Furthermore, Attorney Varner testified that although he could not recall making a statement to petitioner that he could only get 21 years' imprisonment, it would not be typical for him to make such a definitive statement in his advice to clients because of the multiple variables involved in the application of the Sentencing Guidelines [*Id.* at 23]. *See Moss v. United States*, 323 F.3d 445, 470 (6th Cir. 2003) (crediting an attorney's testimony about his customary practice); *Gonzales v. Elo*, 233 F.3d 348, 357 (6th Cir. 2000) (crediting an attorney's testimony about his customary practice). Finally, as already stated, Attorney Varner testified that he believed he gave petitioner an estimated range of penalties that he could be facing if he went to trial, the high end of which equaled the exact sentence petitioner received after trial [Doc. 17, p. 19]. Despite Attorney Varner's advice, petitioner chose to go to trial anyway. Therefore, all this evidence combined rebuts the presumption of prejudice.

In conclusion, petitioner has failed to satisfy the prejudice prong of the *Strickland* test. Because a petitioner must satisfy *both* prongs of *Strickland* to obtain relief on an ineffectiveness claim, the Court is relieved of any duty to consider the other prong. *See*

*Nichols*, 563 F.3d at 249. Therefore, petitioner has failed to prove his ineffective assistance of counsel claim.

## B. Certificate of Appealability

Petitioner also objects to the magistrate judge's finding that petitioner has not made a substantial showing of the denial of a constitutional right and therefore, no certificate of appealability ("COA") should issue [Doc. 24, p. 10]. Specifically, petitioner argues that Judge McCook overlooked the fact-specific nature of claims of ineffective assistance of counsel [*Id.*]. He contends that anything based on findings of fact by definition is an area where reasonable jurists could disagree [*Id.*]. Petitioner argues that in the event the Court adopts Judge McCook's R&R, this Court should issue a COA [*Id.*].

Under 28 U.S.C. §§ 2253(a) and (c), a petitioner may appeal a final order in a habeas proceeding only if he is issued a COA, which should be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. §§ 2253(a), (c)(2). To obtain a COA, a petitioner must "demonstrate[] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Here, reasonable jurists would not disagree with the resolution of petitioner's claim of ineffective assistance of counsel because he has not made a substantial showing of the denial of a constitutional right. In addition, if "anything based on findings of fact" was an

13

area where reasonable jurists could disagree, certificates of appealability would always be required to issue, even where there was no substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability shall not issue.

## IV. Conclusion

For the reasons stated above, the Court **ACCEPTS** and **ADOPTS** the R&R in whole with the exception of section IV.A.1, addressing whether counsel's performance was defective [Doc. 23], and petitioner's objections are **OVERRULED** [Doc. 24]. The Court finds that petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255, and his motion to vacate, set aside or correct sentence [Doc. 1] will be **DENIED** and this civil action will be **DISMISSED**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE.** 28 U.S.C. § 2253; Fed. R. App. P. 22(b). A separate judgment will enter.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE